# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MANUEL R.,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-167**          (Fam. Ct. Jefferson Cnty. No. FC-19-2022-D-197)

**GISELLE R.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Manuel R. [1] appeals the Family Court of Jefferson County's April 6, 2023, final order denying his request for equal (50-50) custodial allocation of the parties' youngest child. Respondent Giselle R. did not participate in this appeal. [2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons stated below, this case is remanded to the family court with directions to enter a new order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review.

Manuel R. and Giselle R. were married on May 16, 2014, in Arlington County, Virginia. The parties later relocated to Jefferson County, West Virginia, where they lived until their date of separation on August 5, 2022. Two children were born of the marriage, namely J.R. and G.R., both currently minors. J.R. attended school in Virginia, despite the family living in West Virginia. When the parties separated, Manuel R. relocated to Virginia with J.R. to be closer to his family and to make J.R.'s school commute easier.

Giselle R. filed for divorce on September 26, 2022. A temporary hearing was held on January 30, 2023. At that hearing, the family court entered a temporary order that gave Manuel R. primary custody of J.R. with Giselle R. getting visitation with J.R. every other

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Manuel R. is represented by Frank M. Aliveto, Esq.

weekend plus "two dinners" per week. Giselle R. was granted primary custody of G.R. with Manuel R. getting visitation on alternating weekends. Manuel R. objected to the family court's failure to allocate custody equally and make him the primary residential parent for G.R.

The final divorce hearing was held on March 15, 2023. The parties reached an agreement on all issues except for custody. Manuel R. requested sole custody of the oldest child, J.R., and 50-50 custody of the youngest child, G.R. Giselle R. requested 50-50 custody of both children. The family court held that neither party "rebutted the presumption that an equal custodial schedule [was] in the children's best interest." Giselle R. was granted primary custody of G.R. and Manuel R. was given visitation with G.R. during the second and fourth weeks of every month. During the second week, Manuel R.'s visits would take place from Wednesday through Saturday overnight, which is about 32% of overnights per year. During the fourth week, Manuel R.'s visits would take place Tuesday through Saturday overnight. The family court provided no analysis regarding its decision to deny Manuel R. 50-50 custody of G.R. The final order was entered on April 6, 2023, and this appeal followed.

In his appeal, Manuel R. raises one assignment of error. He asserts that the family court erred by failing to grant him an equal allocation of custodial responsibility of the parties' youngest child, G.R., pursuant to West Virginia Code § 48-9-206 (2022). Upon review, we find that Manuel R.'s argument has merit.

West Virginia Code § 48-9-206(d) makes it clear that final parenting plan orders must include specific findings of fact.[3] Additionally, West Virginia Code § 48-9-209 (2022) provides a non-exclusive list of factors to be considered when making findings. The family court's April 6, 2023, order lacks a factual analysis for adopting a parenting plan that provides for an unequal share of parenting time, as required pursuant to the above-cited Code sections. Therefore, we remand this case to the family court with directions to enter an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review. *See, e.g.*, *Melvin L. v. Brianna W.*, No. 22-ICA-295, 2023 WL 3581499, at *2 (W. Va. Ct. App. May 22, 2023) (memorandum decision) and *Daniel Y. v. Anne Y.*, No. 23-ICA-34, 2023 WL 7202961, at *3 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) (requiring family court orders to set out specific findings of fact and conclusions of law to facilitate a meaningful appellate review). Upon remand, the family court may reach the same conclusion. However, the family court must provide findings of fact and conclusions of law detailing why the presumption of 50-50 custody

---

[3] West Virginia Code § 48-9-206(d) states, in part, "[t]he court's order determining allocation of custodial responsibility shall be in writing, and include specific findings of fact and conclusions of law supporting the determination."

was rebutted. It is the burden of the party who opposes the allocation of equal custodial time to rebut the 50-50 presumption.

For the foregoing reasons, we remand this case to the family court with directions to issue an order with sufficient findings of fact and conclusions of law to facilitate meaningful appellate review. Specifically, the family court is directed to make specific findings of fact and conclusions of law in accordance with West Virginia Code §§ 48-9-206 and 48-9-209. The final order is hereby converted to a temporary custodial allocation order until the entry of a new final order consistent with this decision is issued by the family court.

Remanded.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen